VIVIAN HOLMES, plaintiff in error, *vs.* WILLIAM H. CLARK *et al.*, defendants in error.

1. Newly discovered evidence, to be a good ground for new trial, should not be cumulative only, and the party relying on it should show due diligence in seeking for it before the trial.

2. There was no abuse of the discretion of the court in refusing a new trial.

New trial. Newly discovered evidence. Before Judge BUCHANAN. Troup Superior Court. May Term, 1874.

On October 21st, 1861, Vivian Holmes brought assumpsit against Joseph Boone on a promissory note, dated April 8th, 1861, payable to H. Holmes or bearer, six months after the date thereof, for $568 63. Bail process was sued out, and the defendant arrested. Marshall B. Grady and William H. Clark became securities for his appearance. At the May term, 1867, judgment was rendered for the plaintiff. *Scire facias* was issued on the bail bond, returnable to the November term, 1867. No showing having been made to the contrary, a rule absolute was granted. At the November term, 1868, on motion of the securities, the court ordered the plaintiff to show cause why the original judgment against Boone, and the rule absolute on the bail bond, should not be set aside on the ground that they were rendered after Boone's death, there being no representation on his estate. The facts alleged in the rule *nisi* were traversed by the plaintiff.

Upon the trial of the issue thus formed, at the May term, 1873, the movants introduced the answers of one Gabriel Fields to interrogatories propounded to him, to the effect that Boone died in Selma, Alabama, in October, 1866; that he saw him while sick and immediately after his death, when laid out as a corpse; that he was too late to attend the funeral, but saw the procession moving to the grave-yard, and arrived as the grave was being filled with earth; that witness did not live in Selma, but went there in October, 1866, to obtain a job of boating cotton to Mobile, and stopped with "old man Krout, who kept a boarding-house;" that William Waits, the super-

Holmes *vs.* Clark *et al.*

visor of the Rome Railroad Company, knows that witness was then at Selma.

Much evidence was introduced in behalf of the plaintiff tending to show that Boone was alive after the judgment was rendered against him, several witnesses testifying that they had seen him since October, 1866, and one that he had seen him since the date of the judgment. The jury found for the movants.

The plaintiff moved for a new trial because the verdict was contrary to the evidence, and because of newly discovered evidence. In support of the last ground was attached the affivit of the plaintiff, to the effect that he had discovered, since the trial, that William Marable and William D. Condon would testify that they had seen Boone, during the year 1868, in Montgomery, Alabama, etc. Also, the affidavits of the persons alluded to.

When the motion for a new trial came on to be heard, at the May term, 1874, the plaintiff moved for a continuance upon the ground tha the had recently discovered where Krout and Waits resided, by both of whom he expected to prove that Gabriel Fields, the witness for the movants, was not in Selma, Alabama, in October, 1866; that he did not board with Krout, as testified to by him; that he did not apply to Waits, the superintendent of the Selma and Rome Railroad Company for employment; that he expected to have their testimony before the next term of the court, if not during the present term, as his counsel was then in correspondence with them; that the motion was not made for delay.

The continuance was refused, and the plaintiff excepted.

The motion for a new trial was overruled, and plaintiff excepted.

Error is assigned upon each of the above grounds of exception.

C. W. MABRY, for plaintiff in error.

B. H. BIGHAM, for defendants.

McCay, Judge.

1. The issue tried in this case was a simple one. Was the principal defendant living at the date of the judgment on the *scire facias ?* The parties had from 1868 to the trial in 1873, to get up their evidence, much of it on both sides was by interrogatories, so that each party had notice of the witnesses of the other and what they would probably prove. The evidence was painfully conflicting, and the new evidence is precisely in the line of what each party brought forward on the trial. It must be admitted that the rule as to when evidence is cumulative only, is not very definitely settled, and for myself, I am free to say that the decisions do not seem to be founded on any proper principles. The true rule ought to be, I do not say it is, that a new trial ought to be granted only when the new evidence would most probably produce a different result, and that if it would probably do so, there ought to be a new trial whether the evidence is cumulative only or not. In this case the new evidence is not only upon a point principally controverted at the trial, but it is upon a point on which both the parties produced much evidence, and evidence of precisely the same character as the newly discovered evidence.

2. The verdict seems to have turned almost entirely on the credibility of the witness Fields. He seems to have been known to both parties and to the community where the trial was had, and it was peculiarly with the jury to pass upon his credibility. Questions of identity, as we all know, are very knotty ones, and depend entirely on the means of observation of the witnesses and their credibility. Suppose the jury, having the highest respect for the integrity, good sense, and knowledge of this witness, Fields, and the fact that no effort was made in any way to affect his credibility, indicates that the jury did have this confidence. Suppose, I say, this confidence to exist, and the jury to have concluded he was mistaken as to the year he saw the defendant, that it was in 1867 and not in 1866; this would make all the witnesses tell the truth, for it is significant that after 1867 he does in fact dis-

appear and remains unheard of till the trial.   As to the motion to amend, we think that shows want of diligence, and fails also in this, that it does not appear affirmatively what the witnesses would swear.   Altogether, we do not feel authorized to say that the jury and the judge have so erred as that the principles of justice and rules of law require this court to interfere.

·   Judgment affirmed.